UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Molly Payne,                                                     Civ. No. 19-2875 (PAM/ECW)

          Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

UNISYS Corporation,

          Defendant.

    This matter is before the Court on the Plaintiff Molly Payne's Motion for Attorney's Fees. (Docket No. 24.) For the following reasons, the Motion is denied.

**BACKGROUND**

    On November 18, 2019, Plaintiff Molly Payne filed this action against her employer Defendant UNISYS Corporation, alleging that Defendant paid her less than her male coworkers, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), the Minnesota Equal Pay for Equal Work Act, Minn. Stat. § 181.66 et seq., Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01, et seq. On July 22, 2020, Defendant filed a notice of acceptance and offer of judgment, noting that the parties had agreed to settle Plaintiff's claims for $18,000, and that Defendant agreed that Plaintiff was entitled to reasonable attorney's fees. (Docket No. 20.) The parties did not, however, agree on the amount of those fees. (Id.)

    Any such motion for fees was due on August 7, 2020. In May 2021, Magistrate Judge Cowan Wright held a status conference with the parties to discuss the attorney's-fee

issue. At this conference, Magistrate Judge Cowan Wright set deadlines for the submission of this issue to the Court, and specifically ordered Plaintiff to file any demand for fees by June 30, 2021, and if the parties could not agree on such fees, to file a motion seeking fees by "no later than July 21, 2021." (See Docket No. 23.) The docket does not reflect any demand. On July 22, 2021, 363 days after the judgment was entered, Plaintiff's counsel finally sought attorney's fees.

**DISCUSSION**

Plaintiff's counsel moves for an award of attorney's fees and costs under the EPA, Title VII, the Minnesota Equal Pay for Equal Work Act, the MHRA, and Fed. R. Civ. P. 54(d). The EPA and Minnesota Equal Pay for Equal Work Act mandate awarding fees and costs, see 29 U.S.C. § 216(b), Minn. Stat. § 181.68, subd. 2, while the Court exercises discretion in awarding fees and costs under the MHRA and Title VII.

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The award of costs is not automatic, and the Court retains significant discretion to decide whether to award costs. See Hibbs v. K–Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (noting language of Rule 54(d) is permissive, not mandatory). Rule 54(d) requires that such a motion be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(b)(i).

A court may extend the time for good cause and upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). A court considers four factors to determine whether a late filing is due to excusable neglect: "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

2

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). Throughout this matter, Plaintiff's counsel has referenced numerous reasons for her repeated delays—computer and software issues, COVID-19 related challenges, a family member's medical conditions, and other pressing work. At no time has she provided a detailed explanation regarding any of these alleged reasons for delay. Moreover, rather than preemptively contact the Court or opposing counsel regarding her tardiness, Plaintiff's counsel repeatedly waited for someone to contact her about her unresponsiveness. In any event, Plaintiff's counsel references no reason to justify the nearly yearlong delay in filing her Motion, and she utterly fails to show excusable neglect.

Even if Plaintiff's counsel could show excusable neglect, she fails to justify the $54,119.52 amount of fees and costs that she seeks. To determine whether a requested award of attorney's fees is reasonable, the Court uses the lodestar method. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Courts consider several factors under the lodestar method to determine the reasonableness of a fee, such as the time and labor required, the experience of the attorney, the skill required to perform the legal service properly, and the nature and length of the relationship with the client. Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

Plaintiff's counsel seeks $53,390.00 in fees and $729.52 in costs. The Court does not disagree with Plaintiff's counsel's hourly rate, given her skill and experience. Rather, the Court finds that the hours Plaintiff's counsel claims to have worked on this case exceed what is reasonable in this type of matter, and the Court must exclude "excessive, redundant,

3

or otherwise unnecessary" hours. Id. at 434. Plaintiff's counsel claims to have worked on this matter for 122 hours, yet she did not conduct discovery, take depositions, brief any motions, or retain experts. Defendant attempted to initiate an early settlement in January 2020, two months after the case was filed, but Plaintiff's counsel failed to respond. Indeed, Plaintiff's counsel did not provide a settlement demand at any point.

Plaintiff's counsel's declaration is rife with entries that do not warrant the award of attorney's fees that she seeks. (Docket No. 26, Ex. A.) For example, work that an administrator could accomplish does not warrant a $475 hourly fee. Such activities include, but are not limited to, scheduling calls and meetings, redacting documents, and setting up secure document-sharing capabilities. Counsel's declaration also indicates that she spent time on "pattern claims," yet Plaintiff did not pursue class or pattern claims; thus, Plaintiff's counsel is not entitled to attorney's fees for that work. She also seeks to recover fees for time spent drafting documents that were not filed and discovery that was not served on Defendant. Time entries for travel and professional development are likewise unrecoverable. Numerous entries regarding correspondence provide little or no detail. The Court need not detail the shortcomings of each lacking entry. In sum, Plaintiff's counsel spent too much time on this case and seeks compensation for activities that are inappropriate in a Motion for attorney's fees.

Further, the Court notes that the amount of fees Plaintiff's counsel seeks is significantly larger than the amount of fees sought in Plaintiff's first lawsuit against Defendant, which concluded in July 2018. In that lawsuit, Christie Hall, a then-law partner of Plaintiff's current counsel, represented Plaintiff. Plaintiff recovered $12,500, and Ms.

Hall sought $8,665 in fees and costs. Here, Defendant offered $18,000 in its early Rule 68 Offer of Judgment, yet Plaintiff's counsel seeks three times that amount in fees and costs. While the Court notes that the amount recovered in civil-rights cases may be relatively small and the amount of fees may exceed the amount recovered, see Dindinger v. Allsteel, Inc., 853 F.3d 414, 431 (8th Cir. 2017), the work described in Plaintiff's counsel's declaration is not warranted considering the facts and circumstances of this case.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Attorney's Fees (Docket No. 24) is **DENIED**.

Dated: Wednesday, August 25, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge